# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA DEE BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:13-cv-01350-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES<br><br>ECF NO. 20 |

On October 14, 2014, Plaintiff Brenda Dee Baker ("Plaintiff") filed a motion for attorney fees and expenses under the Equal Access to Justice Act ("EAJA"). Plaintiff requests $5,452.22 for fees and $104.32 in expenses. (ECF No. 20.) Defendant Commissioner of Social Security ("Defendant" or "Commissioner") filed an opposition on November 13, 2014. (ECF No. 21.) Plaintiff filed a reply on November 20, 2014. (ECF No. 22.)

For the reasons set forth below, the Court denies Plaintiff's motion.

## I.

## BACKGROUND[1]

Plaintiff applied for Disability Insurance benefits and Supplemental Security Income benefits on October 20, 2009. (AR 140-154.) Plaintiff's application was denied on April 13,

---

[1] Citations to the Social Security Administrative Transcript will be designated as "AR" (administrative record). Page numbers will refer to the page numbers as stamped and indexed in the lodged transcript. (See ECF No. 9.)

1

2010.  (AR 73.)  Plaintiff requested reconsideration of the denial on April 21, 2010.  (AR 79.) Plaintiff's application was denied after reconsideration on September 20, 2010.  (AR 81.)  On September 30, 2010, Plaintiff requested a hearing.  (AR 88.)

On September 12, 2011, a hearing took place before Administrative Law Judge Mary P. Parnow ("the ALJ").  (AR 39.)  On November 11, 2011, the ALJ issued a written decision and found that Plaintiff was not disabled.  (AR 16-32.)  The Appeals Council denied Plaintiff's request for review on June 25, 2013.  (AR. 1.)

Plaintiff raised two general issues in this appeal.  First, Plaintiff argued that the ALJ erred because the vocational expert's ("VE") testimony regarding the jobs Plaintiff could perform was inconsistent with the information in the Dictionary of Occupational Titles ("DOT") and the VE did not provide a reasonable explanation for the conflict.  Second, Plaintiff argued that the jobs identified by the VE did not constitute a significant number of jobs existing in the national economy.  The Court partially agreed with Plaintiff as to the first issue and agreed with Plaintiff as to the second issue.

With respect to the first issue, Plaintiff argued that the ALJ erred in determining that Plaintiff could perform work as a "Film Touch-Up Inspector," a "Document Preparer," and a "Surveillance Systems Monitor."  The Court found that the ALJ did not err in determining that Plaintiff could work as a "Film Touch-Up Inspector," but that the ALJ did err in determining that Plaintiff could work as a "Document Preparer" or as a "Surveillance Systems Monitor."  The Court found that the ALJ erred by failing to elicit a reasonable explanation from the VE regarding the apparent conflict between the DOT's reasoning level for these two jobs and Plaintiff's limitations.  Plaintiff was limited to only "maintain attention and concentration and to carry out simple job instructions" and was "unable to carry out an extensive variety of technical and/or complex instructions."  The Court found that the ALJ erred in determining that there were a significant number of jobs in the national economy which Plaintiff could perform, after subtracting the number of "Document Preparer" and "Surveillance Systems Monitor" jobs in local and national economy.

/ / /

2

## II.

## LEGAL STANDARDS FOR EAJA MOTIONS

A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses under the EAJA. Flores v. Shalala, 49 F.3d 562, 566 (9th Cir. 1995). The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), states, in pertinent part:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The Court is required to provide a concise but clear explanation for the reasons for the fee award. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). Hours that are inadequately documented and hours that were not reasonably expended may reduce the fee award. Id. at 1146.

Fee shifting under EAJA is not mandatory. Flores, 49 F.3d at 567. Attorneys' fees and expenses are not awarded under EAJA where the government's position was substantially justified. Id. "A position is 'substantially justified' if it has a 'reasonable basis in law and fact.'" Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). The government must establish first, whether the underlying conduct of the ALJ was "substantially justified" and second, that its litigation position defending the ALJ's error was "substantially justified." Id. at 1259. As the Ninth Circuit described:

> Substantial justification does not mean "justified to a high degree," but simply entails that the government must show that its position meets the traditional reasonableness standard-that is "justified in substance or in the main," or "to a degree that could satisfy a reasonable person."

Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998).

Under EAJA, attorney fees are capped at $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001).

## III.

## DISCUSSION

Plaintiff and Defendant dispute whether Defendant's actions, both at the administrative level and their litigation position in this appeal, were substantially justified.  For the reasons set forth below, the Court finds that Defendant's actions were substantially justified and, therefore, Plaintiff's motion for attorney's fees should be denied.

### A. Defendant Was Substantially Justified in Defending the ALJ's Determination that Plaintiff Could Perform Work as a "Document Preparer" and "Surveillance Systems Monitor"

The parties dispute whether the ALJ's decision in determining that Plaintiff could perform work as a "document preparer" or as a "surveillance systems monitor" was substantially justified.  As discussed in more detail in the Court's order granting Plaintiff's social security appeal, the legal issue presented in this appeal was whether the ALJ erred in determining that Plaintiff could perform those jobs, which required "Reasoning Level 3" in the "General Educational Development ("GED") Scale.  Plaintiff argued that Reasoning Level 3 was inconsistent with Plaintiff's residual functional capacity ("RFC"), which recognized that Plaintiff suffered from the following limitations: Plaintiff can only maintain attention and concentration to carry out simple job instructions and Plaintiff is unable to carry out an extensive variety of technical and/or complex instructions.

In ruling on Plaintiff's appeal, the Court noted that several other district courts have recognized the difficulty in reconciling the DOT's GED Scale and limitations expressed in an ALJ's residual functional capacity determination because the two are not equivalent.  (See Order Granting Pl.'s Social Security Appeal and Remanding Action for Further Admin. Proceedings 10:23-11:1 (and cases cited therein).)  The Court also recognized a split in authority between district courts within this district regarding whether "Reasoning Level 3" in the GED Scale is

inconsistent with an RFC limitation to simple tasks.  (See id. at 11:2-7.)  The Court chose to follow the weight of authority which held that Reasoning Level 3 is inconsistent with an RFC limitation to simple tasks, the consequence being that the ALJ erred by failing to elicit a reasonable explanation from the VE to determine whether the record supports a deviation from the DOT.  (See id. at 11:7-13.)

The Court finds that Defendant met their burden in demonstrating that its conduct, both at the administrative level and in the course of this appeal, was substantially justified.  Defendant's position had a reasonable basis in law and fact, as there exist cases which support Defendant's argument that Reasoning Level 3 is not inconsistent with an RFC limitation to simple tasks.  See Pipkin v. Astrue, No. EDCV 12-01567-MLG, 2013 WL 572079, at *6 (C.D. Cal. Feb. 13, 2013); Dahl v. Astrue, No. ED CV 10-01122 RZ, 2011 WL 2837660, at *1 (C.D. Cal. Jul. 18, 2011); Gallo v. Comm'r of Soc. Sec.Admin., No. C 07-01561 MEJ, 2010 WL 545848, at *21-22 (N.D. Cal. Feb. 12, 2010).  The Court notes that, in an unpublished decision, the Ninth Circuit recognized the intercircuit conflict regarding Reasoning Level 3 and simple repetitive tasks, and affirmed the district court's denial of EAJA fees based upon the Commissioner's position that the claimant could perform a Reasoning Level 3 job with a limitation to simple, repetitive tasks.  Ayala v. Colvin, 584 Fed. Appx. 776 (9th Cir. 2014).  Therefore, consistent with Ayala, the Court finds that Defendant's actions had a reasonable basis on fact and law because of the split authority regarding the consistency between Reasoning Level 3 and simple repetitive tasks.

Based upon the foregoing, the Court finds that Defendant's position regarding Plaintiff's ability to work as a "document preparer" and "surveillance system monitor" was substantially justified.

**B.  Defendant Was Substantially Justified in Defending the ALJ's Determination that a Substantial Number of Jobs Existed Which Plaintiff Could Perform**

Defendant argues that they were substantially justified in defending the ALJ's finding regarding the number of jobs which Plaintiff could perform because, if the document preparer and surveillance system monitor jobs were included in the job numbers, the total job figure would reach 47,200, which is substantially higher than the 25,000 figure which the Ninth Circuit

has acknowledged as a "significant number" in Gutierrez v. Comm'r of Soc. Sec. Admin., 740 F.3d 519, 528 (9th Cir. 2014). Since the Court finds that Defendant was substantially justified in defending the ALJ's finding that Plaintiff could perform work as a "document preparer" and "surveillance system monitor," the Court finds that Defendant was also substantially justified in including the job numbers for those two occupations when considering whether a substantial number of jobs existed which Plaintiff could perform.

The Court finds that Defendant's actions pertaining to the issue of the number of jobs was reasonable in both fact and in law. The Court further finds that Defendant's actions were substantially justified both at the administrative level and during their appeal.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Defendant's actions were substantially justified. Accordingly, Plaintiff is not entitled to attorney's fees under EAJA.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for attorney's fees is DENIED.

IT IS SO ORDERED.

Dated: **December 23, 2014**

UNITED STATES MAGISTRATE JUDGE